Submitted February 5, reversed April 13, 2016

In the Matter of E. G., aka E. G.,
A Person Alleged to have a Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

E. G.,
aka E. G.,
*Appellant.*

Douglas County Circuit Court
15CC05284; A160510

373 P3d 149

Eric J. Deitrick and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

PER CURIAM

**PER CURIAM**

Appellant in this mental commitment case appeals a judgment committing her to the custody of the Mental Health Division for a period not to exceed 180 days. ORS 426.130. The trial court found that appellant suffers from a mental disorder and is dangerous to herself and unable to provide for her basic personal needs. On appeal, appellant contends that the trial court erred when it appointed a mental health examiner who was not qualified and then "reviewed, considered, and admitted" that examiner's report into evidence. Pursuant to ORS 426.110(1), for the purposes of conducting an involuntary commitment hearing, the trial court must appoint a "qualified examiner."[1] As relevant to this case, to be qualified, an examiner must be "[c]ertified by the [Oregon Health Authority] or the Psychiatric Security Review Board as a mental health examiner qualified to make examinations for involuntary commitment proceedings." ORS 426.110(2)(b)(B). Here, when asked if he was certified, the appointed mental health examiner stated that he did "not believe that [he was] currently certified." The state concedes that the trial court erred by failing to appoint a qualified mental health examiner, as required by ORS 426.110, and that, under the circumstances of this case, that error requires reversal. We agree and accept the state's concession.[2]

Reversed.

---

[1] ORS 426.110 provides, in part:

"The following requirements relating to the appointment of examiners for purposes of a hearing under ORS 426.095 or 426.701 and 426.702 apply as described:

"(1) The judge shall appoint one qualified examiner. If requested, the judge shall appoint one additional qualified examiner. A request for an additional examiner under this subsection must be made in writing and must be made by the person alleged to have a mental illness or the attorney for the person."

[2] Our resolution of that issue obviates the need to consider appellant's remaining assignment of error.